IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CECILIA H.,**[1]<br><br>    Plaintiff,<br><br>v.<br><br>**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**<br><br>    Defendant. | **Civ. No. 3:20-cv-00836-MC**<br><br>**OPINION AND ORDER** |

**MCSHANE, Judge**:

Plaintiff Cecilia H. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff argues the ALJ's step five findings cannot stand after the Ninth Circuit's recent holding in *Maxwell v. Saul*, 971 F.3d 1128 (9th Cir. 2020), and Plaintiff is therefore entitled to remand for payment of benefits. The Commissioner concedes that remand is necessary but argues further proceedings are warranted. Because outstanding issues remain as to the ALJ's step five findings, the Commissioner's decision is REVERSED and this matter is REMANDED for further proceedings.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

1 – OPINION AND ORDER

## STANDARD OF REVIEW

A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1114–15 (9th Cir. 2021). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2021). The burden of proof rests on the claimant for steps one through four and on the Commissioner for step five. 20 C.F.R. § 404.1520; *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001). At step five, the Commissioner must show the claimant can adjust to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v); *Tackett v. Apfel*, 180 F.3d 1094, 1100–01 (9th Cir. 1999). The Commissioner may refer to the Medical-Vocational Guidelines (the "Grids") or testimony from a vocational expert ("VE"). *Tacket*, 180 F.3d at 1100–01. If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The ALJ here found Plaintiff had the following severe impairments: hypertension, asthma, degenerative joint disease of the knee, spondylosis, and alcohol abuse. Tr. 20.[2] The ALJ assigned Plaintiff the following RFC:

> [T]he claimant . . . [can] perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes, or scaffolds. She can never tolerate concentrated exposure to hazards or pulmonary irritants. The claimant can frequently climb ramps and stairs, and frequently stoop, kneel, crouch, and crawl.

Tr. 20–21. Due to Plaintiff's advanced age and exertional limits, the ALJ found Plaintiff could not perform her past relevant work. Tr. 23–24. However, at step five, the ALJ found Plaintiff acquired transferable skills from her past work that allow her to perform two jobs existing in significant numbers in the national economy. Tr. 24–25. Accordingly, the ALJ determined Plaintiff was not disabled. Tr. 25.

The issue before the Court is whether the ALJ erred at step five. Pl.'s Br. 3, ECF No. 8. As a threshold matter, the Commissioner concedes that the ALJ's decision cannot stand under the Ninth Circuit's recent holding in *Maxwell v. Saul*, 971 F.3d 1128 (9th Cir. 2020). Def.'s Br. 1–2, ECF No. 10. *Maxwell* involved the interpretation of Grid Rule 202.00(c), applicable in this case, which directs a finding of disabled for "individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work."[3] 971 F.3d at 1131 (quoting 20 C.F.R. Pt. 404, Subpt P. App. 2, Rule 202.00(c)). The Ninth Circuit held that two occupations do not constitute a "significant range of work." *Id.* at 1129.

---

[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.
[3] The "significant range of work" standard applicable for individuals of advanced age differs from the usual standard requiring work that exists in "significant numbers in the national economy."

3 – OPINION AND ORDER

Reversal is required here because the ALJ's decision relied on only two occupations, which is now insufficient under *Maxwell*. Plaintiff seeks remand for payment of benefits, claiming the ALJ erred in determining Plaintiff has transferable skills and failing to establish a significant range of work. The Commissioner seeks remand for further proceedings to determine whether Plaintiff's transferable skills apply to more than two occupations.

Plaintiff first argues that the past relevant "skills" the ALJ identified all arise from unskilled work and, therefore, they are not "readily transferable" to "semiskilled or skilled work" as required for individuals of advanced age under Rule 202.00(c). Pl.'s Br. 6. At the hearing, the VE testified that Plaintiff's past relevant work as an Assistant Manager at Petco included a combination of two jobs: Sales Clerk (DOT 290.477-014) and Animal Caretaker (DOT 410.674-010). Tr. 37–38. Because Plaintiff is now restricted to light exertional work, and the Animal Caretaker job requires medium exertional work, the ALJ found Plaintiff could not perform her past relevant work as Assistant Manager. Tr. 23, 38. The ALJ did find, however, that Plaintiff acquired transferable skills from her past role as a Sales Clerk, including counting money, making change, and operating a cash register and/or scanner. Tr. 24, 40.

Plaintiff provides the DOT description of an unskilled job, Cashier II (DOT 211.462-010), which includes duties of making change and operating a cash register or scanner, claiming these duties are the same "skills" identified by the ALJ. Pl.'s Br. 6. Because these activities are founded in unskilled work, Plaintiff contends they are not transferable to semiskilled work. *Id.* at 6–7. Plaintiff's argument is flawed. Per SSR 00-4p, jobs with a specific vocational preparation time ("SVP") of 3–4 correspond to semiskilled work. 2000 WL 1898704 (Dec. 4, 2000). The VE identified Plaintiff's past Sales Clerk role as consisting of light exertional work and an SVP of 3, tr. 37–38, which corresponds to semiskilled work. Accordingly, the ALJ properly identified skills

arising from Plaintiff's semiskilled Sales Clerk role, and found that such skills transfer to other semiskilled work. *See* SSR 82-41, 1982 WL 31389.

Further, it is the ALJ's duty, with assistance from a VE when necessary, to determine a claimant's skills and potential occupations to which skills may be transferred. *See id.*, at *3. The ALJ here, relying on VE testimony, determined that a Sales Clerk job includes skills such as "running cash register equipment," "handling money," and "making change." Tr. 40. Although Plaintiff previously performed her Sales Clerk role as part of a combination job, the VE opined that her skills from that role would transfer to a Sales Clerk job alone, a Cashier, Checker job,[4] or other semi-skilled sales jobs. *Id.* The ALJ agreed that Plaintiff's skills "readily work in other fields" and "in the same field as a Sales Clerk or as a Cashier, Checker." *Id.* The ALJ therefore did not err in finding Plaintiff acquired skills from past relevant work that are readily transferable to semiskilled work.

As to Plaintiff's second argument regarding establishing a significant range of work, the Court does not agree that *Maxwell* mandates remand for payment of benefits. In *Maxwell*, the VE concluded that there were "precisely two occupations" the plaintiff could perform based on her transferable skill of merchandising sales. 971 F.3d at 1129, 1132. There was no question of whether the plaintiff could have performed additional occupations. Accordingly, when the Ninth Circuit held that two occupations were insufficient to show a significant range of work, it reversed for immediate payment of benefits because further proceedings would be futile. *Id.* at 1132.

The record here differs. After posing a hypothetical individual with Plaintiff's age, education, work experience, and RFC, the VE provided the ALJ with two occupations such an individual could perform: Sales Clerk and Cashier, Checker. Tr. 41–42. The VE's discussion with

---

[4] Similar to the Sales Clerk job, the Cashier, Checker job (DOT 211.462-014) is light exertional work with an SVP of 3. Tr. 41.

5 – OPINION AND ORDER

the ALJ, however, suggests that the skills Plaintiff developed from her past Sales Clerk role would likely transfer to a number of comparable semiskilled sales roles. Indeed, when asked if Plaintiff's skills from her combination job as a Sales Clerk and Animal Caretaker would transfer to just a Sales Clerk job, the VE answered affirmatively, and further opined that they would transfer to a Cashier, Checker job or "any of those semi-skilled sales type" of jobs. Tr. 40. Further proceedings, therefore, are necessary on the issue of whether Plaintiff's skills from past relevant work would transfer to more than two occupations. *See Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (explaining that a reviewing court considers whether the record has been fully developed, whether outstanding issues remain, and whether further proceedings would be useful in determining remand for benefits versus further proceedings).

## **CONCLUSION**

For these reasons, the Commissioner's final decision is REVERSED and this matter is REMANDED for further proceedings.


IT IS SO ORDERED.

DATED this 18th day of March, 2022.

                \_\_s/Michael J. McShane_____
                Michael J. McShane
                United States District Judge